UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| APRIL McGOWAN, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|      vs. | ) Cause No. 2:15-cv-337-WTL-MJD |
| | ) |
| CARE AMBULANCE SERVICE, LLC, | ) |
| | ) |
|    Defendant. | ) |

### ENTRY ON MOTION TO REMAND

This cause is before the Court on the Plaintiff's motion to remand (Dkt. No. 4) and the Defendant's response thereto. The Plaintiff has not filed a reply in support of the motion, and time for doing so has expired. The Court, being duly advised, **DENIES** the Plaintiff's motion for the reasons set forth below.

The Plaintiff filed this case in state court asserting a claim for retaliatory discharge against the Defendant, which she alleges terminated her for exercising her statutorily protected right to file a worker's compensation claim. In her Complaint, the Plaintiff alleges that she is "entitled to her lost wages, compensatory and punitive damages, costs and all other legal and equitable relief under Indiana law."[1]

The Defendant removed the case to this Court, asserting that the requirements for diversity jurisdiction are present in this case. For a federal court to assert jurisdiction under the

---

[1] The Plaintiff's prayer for relief also mentions attorney's fees; however, she concedes in her motion to remand that attorney's fees are not available to her in this case. *See* Dkt. No. 4 at 3 ("Because attorney's fees are not available for the state law claim being asserted in this case, they cannot be factored in to determine the amount in controversy."); *see also Techna-Fit, Inc. v. Fluid Transfer Prods.*, 45 N.E.3d 399, 417 (Ind. Ct. App. 2015) (Indiana courts have "repeatedly and overwhelmingly held that attorney fees are not recoverable absent an agreement, statute, or rule.").

diversity statute, 28 U.S.C. § 1332, there must be complete diversity of citizenship of the parties and the amount in controversy must exceed $75,000, exclusive of interest and costs. Here, there is no question that the parties are diverse; the Plaintiff is a citizen of Indiana and the Defendant is a citizen of Kentucky.[2] However, the Plaintiff moves to remand the case to state court because she alleges that the amount in controversy does not exceed $75,000, exclusive of interest and costs, and therefore diversity jurisdiction is not present.

The amount in controversy is the amount required to satisfy the Plaintiff's demands in full on the day the suit was removed. *Oshana v. Coca-Cola Co.*, 742 F.3d 506, 510-11 (7th Cir. 2006). Because the Plaintiff has challenged the existence of federal jurisdiction, the Defendant, as the party that removed this case to federal court, has "the initial burden of establishing by a preponderance of the evidence facts that suggest the jurisdictional amount has been satisfied." *Carroll v. Stryker Corp.*, 658 F.3d 675, 680 (7th Cir. 2011). The Seventh Circuit has recognized that "this is easier said than done when the plaintiff, the master of the complaint, does not want to be in federal court and provides little information about the value of her claims. In such a case, a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana,* 742 F.3d at 511 (citing *Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004)).

---

[2]The Defendant is a limited liability company; its sole member is another limited liability company whose sole member is a corporation that is incorporated in and has its principal place of business in Kentucky. For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of each of its members, *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007), and the citizenship of a corporation is determined by the state of its incorporation and the state in which its principal place of business is located. 28 U.S.C. §1332(c)(1). Accordingly, the Defendant is a citizen of Kentucky.
.

The Defendant has supported its assertion that the Plaintiff is seeking damages in excess of $75,000 by recognizing the several types of relief sought by the Plaintiff, which include past and future lost wages, compensatory damages, and punitive damages.  Additionally, the Defendant points to a letter sent by the Plaintiff's counsel on July 2, 2015, before suit was filed, offering to settle this matter for $75,000.  The Seventh Circuit has recognized that "settlement offers . . . are admissible to show the amount in controversy for jurisdictional purposes has been met." *Carroll,* 658 F.3d at 681 n.2. Here, the Plaintiff's settlement offer of $75,000 permits the inference that the Plaintiff believes her claim to be worth at least that amount, making the Defendant's good-faith estimate that the stakes of the litigation exceed $75,000 plausible and supported by a preponderance of the evidence.

Once the defendant in a removal case has established the requisite amount in controversy, "jurisdiction will be defeated only if it appears to a legal certainty that the stakes of the lawsuit do not exceed $75,000." *Carroll*, 658 F.3d at 681; *Oshana*, 472 F.3d at 511. The Seventh Circuit has noted that "[t]he legal certainty test sets the bar high for excluding federal subject-matter jurisdiction, and for good reason:  District courts should not get bogged down at the time of removal in evaluating claims on the merits to determine if jurisdiction exists." *Carroll,* 658 F.3d at 681.  The Plaintiff here has not met that bar, as the Plaintiff has offered no evidence proving to a legal certainty that her recovery will be less than the jurisdictional amount in controversy. The Plaintiff's only evidence relating to an amount for relief is an indication that "compensatory damages are loosely estimated to be near $6,000," but the Plaintiff then states that this "should in no way limit[] Plaintiff's claim on compensatory damages."  In addition, the Plaintiff concedes that "the amount of . . . lost, past, and future wages is currently unknown," and the Plaintiff seeks an undisclosed amount of punitive damages. *See LM Ins. Corp. v. Spaulding Enters.,* 533 F.3d

3

542, 551 (7th Cir. 2008) (providing punitive damages can be considered in satisfying the amount in controversy requirement when recoverable under state law, but that an amount in controversy primarily made up of punitive damages should be closely scrutinized).

Moreover, the Seventh Circuit has consistently acknowledged that "if . . . [a plaintiff] really wanted to prevent removal, . . . [she] should have stipulated to damages not exceeding the $75,000 jurisdictional limit." *Id.* at 511-12. Consequently, "[i]f the Plaintiff does not stipulate to damages of $75,000 or less, 'the inference arises that [she] thinks [her] claim may be worth more.'" *Id.* at 512 (citing *Workman v. United Parcel Service, Inc.*, 234 F.3d 988, 1000 (7th Cir. 2000)). The Plaintiff here is not willing to so stipulate and, again, made a settlement demand of $75,000, supporting the inference that she believes she is entitled to more than that.

Without evidence to the contrary, it cannot be said that the Plaintiff has shown to a legal certainty that less than $75,000.01 is at stake in this case. The Plaintiff, as the master of her claim, cannot secure a remand to state court by claiming ignorance of her damages in an attempt to undermine the Defendant's good faith estimate of the litigation stakes. Accordingly, because the Defendant has provided a good-faith estimate supported by a preponderance of the evidence that the amount in controversy exceeds $75,000, and the Plaintiff has offered no evidence proving to a legal certainty that recovery will be less than the jurisdictional requirement, Plaintiff's motion to remand this case to state court is **DENIED**.

SO ORDERED: 4/20/16

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification

4